UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR MURPHY,<br><br>                                Plaintiffs,<br><br>v.<br><br>VETERANS ADMINISTRATION,<br><br>                                Defendant. | Case No.: 21-CV-01405-DMS (DEB)<br><br>**ORDER (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS, (2) DISMISSING COMPLAINT WITHOUT PREJUDICE, AND (3) DENYING MOTION TO APPOINT COUNSEL AS MOOT** |

      On August 5, 2021, Plaintiff Arthur Murphy filed a complaint against Defendants along with a request to proceed *in forma pauperis* ("IFP") and a motion to appoint counsel.

      **A. Motion to Proceed IFP**

      All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed in forma pauperis. *Id.*

the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Furthermore, plaintiffs bringing actions in the Southern District of California must comply with Civil Local Rule 3.2, which requires all actions seeking to proceed IFP to be accompanied by an affidavit including various specified information.

Here, Plaintiff submitted a form application to proceed in District Court without prepaying fees or costs. (ECF No. 2.) The application lists Plaintiff's income as $4,000 per month. (*Id.* at 1.) It also lists his total monthly expenses at $4,500. (*Id.* at 5.) However, the remainder of the form is left blank. This leaves the Court unable to assess Plaintiff's ability to pay the fees and costs associated with this action. It also violates the Local Rules.

For instance, Plaintiff's application does not state the amount of "any cash in [his] possession" or "any money in a financial institution, including checking, savings, and any other accounts" as required by CivLR 3.2(a)(4). Section 4 of Plaintiff's form application prompts the applicant to list both the total amount of cash in the applicant's possession and the amount of money the applicant has in bank accounts or other financial institutions. (*Id.* at 2.) Plaintiff left this entire section blank. (*Id.*) The Court is unable to construe the omitted entries as indicating that Plaintiff lacks any cash or money deposited in financial institutions considering Plaintiff's assertion that his monthly expenses are $500 greater than his monthly income. The omissions beg the question of how Plaintiff funds the difference if not through unlisted income or assets. The Court would need more detailed information to grant Plaintiff's application.

Because Plaintiff failed to comply with the requirements of CivLR 3.2, the Court finds Plaintiff's financial disclosures in support of his application to proceed without paying fees or costs are insufficient to permit him to proceed IFP. In light of this finding, Plaintiff's motion to proceed IFP is **DENIED** and the Complaint is **DISMISSED** without prejudice. Plaintiff's motion to appoint counsel is accordingly **DENIED** as moot. Pursuant to this Order, Plaintiff is granted thirty days leave to pay the filing fee required to

1  maintain this action, or to submit additional documentation regarding his economic status
2  in accordance with the requirements of CivLR 3.2.
3  **IT IS SO ORDERED.**

5  Dated:  October 25, 2021

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court